**Leodegario SALVADOR, Plaintiff-Appellant,**

v.

**BANK OF AMERICA, N.A.; Trustee Corps, Defendants-Appellees.**

No. 16-15750

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2017 *

Filed May 17, 2017

Leodegario Salvador, Pro Se

Marc James Ayers, Richard Aaron Chastain, Bradley Arant Boult Cummings LLP, Birmingham, AL, Darren Brenner, Ariel Edward Stern, Esquire, Attorney, Akerman Senterfitt LLP, Las Vegas, NV, for Defendant-Appellee Bank of America, N.A.

Richard J. Reynolds, Esquire, Attorney, Burke Williams & Sorensen LLP, Santa Ana, CA, for Defendant-Appellee Trustee Corps

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

MEMORANDUM **

Leodegario Salvador appeals pro se from the district court's summary judgment in his diversity action seeking to quiet title. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Progressive Cas. Ins. Co. v. Owen*, 519 F.3d 1035, 1037 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Salvador failed to raise a genuine dispute of material fact as to whether Bank of America's interest in the subject property had been extinguished by the foreclosure sale. *See* Nev. Rev. Stat. § 116.3116 (a Homeowners Association ("HOA") has a "super priority" lien with respect to other liens, and the HOA's super priority lien may constitute up to nine months of HOA fees); *SFR Invs. Pool 1 v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75, 334 P.3d 408, 414 (2014) (a holder of a first deed of trust may preserve its interest in the subject property if the amount of the super priority lien is tendered prior to the HOA foreclosure sale).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.